## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. RICHARDSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DR. GESSNER | : | NO.  16-5461 |
| PRIMECARE MEDICAL, INC. | : | |

### MEMORANDUM

SLOMSKY, J.                                              NOVEMBER *4th*, 2016

David D. Richardson, a prisoner incarcerated at the Chester County Prison, filed this civil action against Dr. Gessner and PrimeCare Medical, Inc., based on an allegation that Dr. Gessner violated his constitutional rights by placing him on a medical restriction that prohibited him from working or accessing the yard or gym.[1]  Currently before the Court is plaintiff's motion to proceed *in forma pauperis*.  The Court will deny the motion pursuant to 28 U.S.C. § 1915(g) because plaintiff is a "three striker."

The Prison Litigation Reform Act (PLRA) amended the *in forma pauperis* statute in 1996 as it applies to prisoners.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  According to § 1915(g), which was enacted as part of the PLRA, a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the

---

[1] This is the second case that plaintiff filed against Dr. Gessner and PrimeCare based on the medical restriction imposed upon him at the Chester County Prison.  Plaintiff filed his first complaint against Dr. Gessner and PrimeCare on September 30, 2016, raising claims that are essentially identical to those raised in the instant civil action.  *See Richardson v. PrimeCare Med., Inc.*, E.D. Pa. Civ. A. No. 16-5220.  On October 6, 2016, I issued an order denying plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Less than two weeks later, plaintiff initiated this action.

complaint was filed. *Id.* at 310-11. "[A] strike under § 1915(g) will accrue only if the entire

action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state

a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to

dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1),

1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the

passage of the PLRA are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of*

*Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997).

Plaintiff, who is also known as Waahid Muslim, accrued at least three "strikes" for

purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See Muslim v. Miller*, E.D. Pa.

Civ. A. No. 94-7271 (dismissing case pursuant to 28 U.S.C. § 1915(d)); *Muslim v. Frame*, E.D.

Pa. Civ. A. No. 93-4481 (same); *Muslim v. Brice*, E.D. Pa. Civ. A. No. 93-4433 (same).

Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious

physical injury at the time he filed his complaint.

"'Imminent' dangers are those dangers which are about to occur at any moment or are

impending." *Abdul–Akbar,* 239 F.3d at 315.  In determining whether a plaintiff was

in imminent danger at the time of filing his complaint, the Court must construe all allegations in

the complaint in favor of plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d. Cir. 1998).  However,

vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in

imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other*

*grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). "[T]here must be a nexus

between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal

claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). "In

deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis and footnote omitted).

The complaint alleges that in August of 2016, plaintiff was reclassified from medium to minimum security and began working with the prison's paint crew. Shortly thereafter, he was informed that Dr. Gessner placed him under a medical restriction that precluded him from going to the yard or gym, and prevented him from maintaining his prison job. Plaintiff claims that the medical classification "deprived [him] of two of life's (basic human need[s]), i.e., 'fresh air and outdoor exercise,'" and "caused a serious risk to [his] emotional and physical well-being." (Compl. ¶¶ 14-15.) He adds that he is in imminent danger "due to exacerbation of anxiety/depression, culminating in excruciating pain from headaches and tightening of the muscles in [his] neck, back, and stomach," which last "several hours per day, per episode, at the though[t] of the defendants actions or inactions and persist, even as of the time this complaint was filed."[2] (*Id.* ¶¶ 15, 19-20 & 30.)

Plaintiff cannot establish that he is in imminent danger of serious physical injury based on his allegation that Dr. Gessner's medical restriction prevents him from getting fresh air and outdoor exercise. Even if plaintiff is prevented from going outside, he does not allege that he cannot exercise at all or that the air inside the prison is somehow contaminated.[3] Indeed, the

---

[2] Plaintiff raises essentially identical allegations of imminent danger in cases he recently filed concerning other conditions at the Chester County Prison. *See Richardson v. Taylor*, E.D. Pa. Civ. A. No. 16-5535; *Richardson v. PrimeCare Med., Inc.*, E.D. Pa. Civ. A. No. 16-5490.

[3] *See Gibbs*, 160 F.3d at 965 (finding that plaintiff was in imminent danger when he suffered physical injuries from breathing "particles of dust and lint which were continuously being dispersed into his cell through the ventilation system"); *Widmer v. Butler*, No. 14-CV-879-MJR,

3

complaint is devoid of any specific information regarding the extent to which the challenged

medical restriction is preventing plaintiff from obtaining fresh air or exercise.[4]  The complaint

also fails to allege—beyond a conclusory assertion that the restriction seriously impacts

plaintiff's "emotional and physical well-being"—that the absence of fresh air or exercise is

affecting plaintiff physically.  Accordingly, it is difficult to conclude that plaintiff is in imminent

danger of serious physical injury because of the challenged medical restriction.

Although plaintiff alleges that he experiences headaches and pain from tightening of

muscles when he thinks about the defendants' conduct, that allegation fails to establish that he is

in imminent danger of serious physical injury for purposes of § 1915(g).  Plaintiff's claimed

physical injuries are traceable more to his own thoughts than the defendants' actions.  Indeed, the

Court has no ability to fashion relief to address those injuries because any relief the Court could

provide would have no effect on plaintiff's ability to cause himself anxiety, depression,

headaches, and other pain upon recalling the defendant's actions.  In any event, even if plaintiff

has alleged a sufficient nexus between the physical manifestations he is experiencing and the

---

2014 WL 4672836, at *2 (S.D. Ill. Sept. 19, 2014) (denial of "out-of-cell exercise privileges" would not establish imminent danger because the complaint did not reflect that plaintiff was "denied all opportunity to engage in physical activity" including exercises that could be done inside his cell); *Shawley v. Coleman*, No. CIV.A. 09-1657, 2010 WL 1816680, at *3 (W.D. Pa. Apr. 9, 2010) (plaintiff's allegations that, among other things, he was being continuously denied yard exercise and showers did not establish that he was in imminent danger of serious physical injury), *report and recommendation adopted*, No. CIV.A. 09-1657, 2010 WL 1816677 (W.D. Pa. May 3, 2010).

[4] *See Allen v. Engelage*, No. 15-CV-00175-MJR, 2015 WL 4082265, at *3 (S.D. Ill. July 6, 2015) (observing that a denial of exercise could result in serious health consequences but concluding that plaintiff's allegations were insufficiently clear to allow the Court to "assess the scope of the deprivation or its urgency," and noting that plaintiff's "failure to address in-cell exercise opportunities adds nothing to his claim of imminent danger").

defendants' conduct, the harms he describes are insufficient to establish that he is in imminent danger of serious physical injury for purposes of § 1915(g).[5]

As the complaint does not establish that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint, the Court will deny his motion to proceed *in forma pauperis*. Accordingly, if plaintiff seeks to proceed with this action, he must remit $400 to the Clerk of Court. An appropriate order follows.

---

[5] *See Sutton v. Dist. Attorney's Office, of Gwinnett Superior Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (plaintiff's allegations that his illegal confinement endangered his physical health by causing stress, anxiety, and depression, and caused him to waste his life away were "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (internal quotations omitted)); *Brown v. Lancaster*, No. CIV.A. 14-117, 2014 WL 1315996, at *5 (W.D. Pa. Apr. 1, 2014) (allegations that the defendants' conduct was causing plaintiff's serious physical and psychological injuries to worsen did not establish that he was in imminent danger of serious physical injury for purposes of § 1915(g)), *appeal dismissed*, *Brown v. Lancaster*, 3d Cir. No. 14-2670 (concluding that Brown was not in imminent danger of serious physical injury despite allegations that he continued to suffer from the same conditions described in his complaint); *Threatt v. Davenport*, No. 1:13-CV-421, 2013 WL 1831803, at *2 (W.D. Mich. Apr. 30, 2013) (plaintiff was not in imminent danger despite allegations that he was being kept "inside a single man cell 23–24 hours a day" which was "stressing [him] out more keeping [his] blood pressure up sky high at risk for a heart attack or stroke, [and] stressing and depressing [him] to harm [himself]"); *Burghart v. Corr. Corp. of Am.*, No. CIV-08-62-C, 2008 WL 619308, at *1 (W.D. Okla. Mar. 4, 2008) (plaintiff's allegations "that he suffers from migraine headaches, fatigue, depression, weight gain and sleeping disorders" did not show he was in imminent danger of serious physical injury), *aff'd*, 350 F. App'x 278 (10th Cir. 2009).